

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 17, 2015

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    **United States v. FNU LNU**, 15 Cr. 367 (LGS)

Dear Judge Schofield:

      The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for August 25, 2015.  The defendant pleaded guilty to Count One of the Indictment, which charged the defendant with engaging in passport fraud in violation of Title 18, United States Code, Section 1542.  For the reasons explained below, the Government submits that a sentence within the Guidelines range of 6 to 12 months' imprisonment is fair and appropriate in this case.[1]

**A.  Factual Background and Procedural History**

      On or about February 16, 2006, the defendant made false statements in a United States passport application submitted in New York, New York.  Specifically, the defendant submitted the application under the name "Angel Gonzalez" and used the birth date and Social Security number for an individual named Angel Gonzalez.  Compl. ¶¶ 6(a)-(c).  In support of the application, the defendant submitted a New York State driver's license and a birth certificate from Puerto Rico.  Compl. ¶ 6(f).  The passport application included a photograph of the defendant.  Compl. ¶¶ 6(g), 14.  The defendant never received a passport in connection with the application.

---

[1] As defense counsel notes in her submission, because the Guidelines range falls within Zone B of the Sentencing Table, a Guidelines sentence may be satisfied by a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule specified in U.S.S.G. § 5C1.1(e), provided that at least one month is satisfied by imprisonment.  U.S.S.G. § 5C1.1(c)(2).  As of the date of the sentencing, the defendant will have been incarcerated for approximately three months.

The defendant began using another alias, "Luis Sanchez," in or around 2008. The defendant obtained an Ohio driver's license under the name "Luis Sanchez" and was arrested in Ohio for violating federal narcotics laws under the "Luis Sanchez" name. Compl. ¶¶ 9-10.

Subsequent investigation revealed that the true Angel Gonzalez is an individual living in Puerto Rico. Compl. ¶¶ 11-13. The true Luis Sanchez is also an individual living in Puerto Rico. Compl. ¶¶ 11, 13.

On May 13, 2015, the defendant was charged by complaint with making false statements in a United States passport application, in violation of Title 18, United States Code, Section 1542. The defendant was arrested on May 28, 2015. The defendant was indicted on the same charge on June 11, 2015. On July 29, 2015, the defendant pleaded guilty, pursuant to a *Pimentel* letter, to Count One of the Indictment.

### B. Guidelines Range

As set forth in the *Pimentel* letter provided by the Government, pursuant to U.S.S.G. § 2L2.2(a), the base offense level for Count One is eight. Because the defendant has accepted responsibility for his conduct, a two-level reduction is warranted, pursuant to U.S.S.G. § 3E1.1(a). Therefore, the appropriate Offense Level is 6.

Also as set forth in the *Pimentel* letter, the defendant has seven criminal history points. Accordingly, under the Guidelines, the defendant's sentencing range is 6 to 12 months' imprisonment.

### C. Discussion

#### 1. Applicable Law

The Guidelines still provide important guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," noting that that "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After making the initial Guidelines calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available;" (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants;" and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)–(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- (B) to afford adequate deterrence to criminal conduct;
- (C) to protect the public from further crimes of the defendant; and
- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### 2. A Guidelines Sentence Is Reasonable

Here, a Guidelines sentence is necessary to (1) reflect the serious nature of the offense and (2) adequately deter criminal conduct of this nature.

First, a Guidelines sentence is necessary to reflect the seriousness of the offense. The defendant used the identifying information of another individual on his passport application. To support that application, he submitted the individual's birth certificate and a New York driver's license that he had obtained using that individual's information. As reflected in his sentencing submission, he has been fraudulently using this individual's identifying information for years. While the defendant could not be charged with aggravated identity theft due to the statute of limitations, the two-year mandatory sentence that crime carries, under Title 18, United States Code, Section 1028A, highlights the seriousness of such conduct. A Guidelines sentence is thus a just punishment that accurately reflects the seriousness of the offense.

Second, a sentence within the Guidelines range is necessary to afford adequate deterrence to the defendant and others similarly situated. This incident is not the defendant's first fraudulent use of the personal identification information of another. As reflected in the Complaint, the defendant also obtained a New York driver's license using that individual's identification information. Moreover, in 2008, he began using the identification information of yet another individual. He obtained an Ohio driver's license using that information and provided that information in connection with his arrest on federal drug charges. Thus a Guidelines sentence is necessary to deter the defendant from engaging in similar conduct.

**D.     Conclusion**

For the reasons set forth above, a sentence within the Guidelines range of 6 to 12 months' imprisonment adequately balances the various considerations under § 3553(a) and achieves the statute's stated objectives. The Government thus respectfully requests that the Court impose a sentence on the defendant within the Guidelines range.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:     /s/ Jordan Estes
        Jordan Estes
        Assistant United States Attorney
        (212) 637-2543

cc:     Julia Gatto, Esq. (by ECF)